IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RITA LYNNE HARVEY                                                                                PLAINTIFF

vs.                                          Civil No. 6:16-cv-06080

NANCY A. BERRYHILL                                                                            DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Rita Lynne Harvey ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 9.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed her disability application on July 6, 2011. (Tr. 11, 105-115). In her application, Plaintiff alleges being disabled due to depression, anxiety attacks, obesity, insomnia, and knee problems. (Tr. 129). Plaintiff alleges an onset date of September 1, 2006. (Tr. 11). This application was denied initially and again upon reconsideration. (Tr. 44-45).

Thereafter, Plaintiff requested an administrative hearing on her denied application. (Tr. 59-

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___."  The transcript pages for this case are referenced by the designation "Tr."

60). The ALJ granted that request and held an administrative hearing in Hot Springs, Arkansas on September 13, 2012. (Tr. 25-43). At this hearing, Plaintiff was present and was represented by Hans Pullen. *Id.* Plaintiff and Vocational Expert ("VE") testified at this hearing. *Id.* At this hearing, Plaintiff testified she was fort-six (46) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(e) (2008). (Tr. 30). As for her level of education, Plaintiff testified she had graduated from high school. (Tr. 32).

After this hearing, on November 26, 2012, the ALJ entered an unfavorable decision denying Plaintiff's SSI application. (Tr. 8-20). In this decision, the ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 6, 2011, her application date. (Tr. 13, Finding 1). The ALJ determined Plaintiff had the following severe impairments: osteoarthritis of the hip, back disorder, morbid obesity, and mood disorder. (Tr. 13, Finding 2). Despite being severe, the ALJ determined these impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13-15, Finding 3).

The ALJ considered Plaintiff's Residual Functional Capacity ("RFC"). (Tr. 15-19, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a). However, she is able to only occasionally climb stairs, balance, stoop, kneel, crouch and crawl and should never climb ladders. Further, the claimant cannot sustain work without the option to sit or stand at will. She is able to perform work where interpersonal contact is incidental to the work being performed; where the complexity of a task is learned and performed by rote, with few variables, and with little judgment; and, she is able to work where supervision

required is simple, direct and concrete.

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff had no PRW. (Tr. 19, Finding 5). The ALJ also considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 19-20, Finding 9). The VE testified at the administrative hearing regarding this issue. *Id.*

Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform an occupation such as the following: assembler (sedentary) with 1,000 such jobs in the region and 60,000 such jobs in the nation. (Tr. 19-20). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, from July 6, 2011 (application date) through November 26, 2012 (ALJ's decision date). (Tr. 20, Finding 10).

Thereafter, Plaintiff requested a review by the Appeals Council. (Tr. 1-3). On November 21, 2013, the Appeals Council denied this request. (Tr. 1-3). On August 12, 2016, Plaintiff filed the current appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on August 30, 2016. ECF No. 9. Both Parties have filed appeal briefs. ECF Nos. 12-13. This case is ripe for determination.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.   Discussion:**

In her appeal brief, Plaintiff raises one argument for reversal: the ALJ erred in failing to properly assess her non-exertional limitations, including her obesity, in combination with her physical and mental impairments. ECF No. 12 at 1-18. The Court will consider this argument.

As an initial matter, however, it also appears Plaintiff alleges the ALJ erred in determining her impairments do not meet the requirements of Listings 1.02, 1.04, and 12.04. ECF No. 12 at 1-18. Plaintiff has the burden of demonstrating her impairments meet *all* the requirements of a given Listing. *See Cox,* 160 F.3d at 1206. Upon review of Plaintiff's argument in this matter, the Court finds Plaintiff has not met her burden on this issue.

First instance, Listing 1.02 applies to a "[m]ajor dysfunction of a joint(s) (due to any cause)" which is "[c]haracterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability)." Here, Plaintiff has not demonstrated what "gross anatomical deformity" she has. Likewise, Listings 1.04 and 12.04 has specific requirements Plaintiff has not demonstrated she meets.

Accordingly, because Plaintiff has not demonstrated how her impairments meet these specific requirements of these specific listings, the Court simply cannot find Plaintiff has met this burden. *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (rejecting "out of hand" a claimant's "conclusory assertion that the ALJ failed to consider whether he met listings 12.02 or 12.05C" because the claimant "provides no analysis of the relevant law or facts regarding these listings").

Plaintiff also claims the ALJ erred by failing to properly consider her obesity. ECF No. 12 at 2-18. In support of this argument, Plaintiff provides a report from Dr. R. Paul Tucker, M.D. wherein he found Plaintiff has a "severe handicap in terms of her obesity." (Tr. 204). Notably, despite his findings, Dr. Tucker was a one-time examining physician, and he cannot decide for the SSA whether Plaintiff suffers from a "handicap" or not.

Furthermore, in his opinion, the ALJ fully considered Plaintiff's obesity and the alleged limitations from her obesity. (Tr. 15-19). The ALJ stated the following regarding Plaintiff's obesity:

> The claimant is obese, according to the National Institute of Health's Body Mass Index. At 5 foot 3 inches, 269 pounds, she has a Body Mass Index of 47.6 (Ex. 1F). This scale indicates that a Body Mass Index of 30 or greater equals obesity (Ex. 1F). The undersigned has given consideration to Social Security Ruling 02-1p, which instructs adjudicators to consider the effects of obesity not only under the Listings, but also when assessing a claim at other steps of the sequential evaluation process, including when assessing an individual's residual functional capacity. When obesity is identified as a medically determinable impairment, consideration will be given to any functional limitations resulting from the obesity in the residual functional capacity assessment in addition to any limitations resulting from any other physical or mental impairment identified.

(Tr. 17).

Importantly, ALJ also recognized that despite her alleged disability due to obesity, Plaintiff

6

was "able to do housework, laundry, vacuuming, cooking, care for her husband and 2 daughters, care for her pets, perform personal care, shop in stores, use a computer, and watch television, which does not suggest that her symptoms are as limiting as the claimant has alleged in connection with this application." (Tr. 18).

Plaintiff has offered no demonstration that the ALJ's decision regarding her obesity is not supported by substantial evidence in the record. ECF No. 12 at 2-18. The mere fact Plaintiff suffers from obesity does not demonstrate she is disabled due to that obesity. Based upon the Court's review of the ALJ's decision and Plaintiff's brief, the Court finds no basis for reversal on this issue.

**4.** **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 17th day of July 2017.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE